# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CR-0116-003-CVE |
| ) | (16-CV-0654-CVE-JFJ) |
| RICHARD ALLEN LITTLEHEAD, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 233). Defendant claims that he is entitled to a reduced sentence in light of an amendment to the United States Sentencing Guidelines (USSG), and he argues that his motion is timely under § 2255(f)(3). Plaintiff has filed a motion (Dkt. # 237) to dismiss defendant's § 2255 motion as time-barred, because the § 2255 motion was not filed within one year of the date that defendant's conviction became final. Even if the Court construes defendant's motion as a request for relief under 18 U.S.C. § 3582, plaintiff argues that the Court lacks jurisdiction over the motion, because the amendment to the USSG relied upon by defendant has not been made retroactive by the United States Sentencing Commission (Sentencing Commission).

On June 19, 2008, a grand jury returned an indictment charging defendant and others with drug and firearms charges related to a methamphetamine conspiracy. Dkt. # 2. The Court appointed counsel to represent defendant, and a superseding felony information (Dkt. # 134) was filed charging defendant with unlawful use of a communication facility (count one) and carrying a firearm during and in relation to a drug trafficking crime (count two). Defendant pled guilty to both counts of the

superseding information pursuant to a plea agreement (Dkt. # 144). Count one carried a maximum sentence of 4 years, and count two imposed a statutory mandatory minimum sentence of 10 years based on defendant's admission that he discharged a firearm during commission of the offense. Dkt. # 144, at 7, 10.

A sentencing hearing was set for February 9, 2009. A presentence investigation report (PSR) was prepared by the United States Probation Office, and the PSR states that defendant's total offense level for count one was 35. Combined with a criminal history category of VI, defendant's advisory guideline range for count one was 292 to 365 months. However, the statutory maximum for count one was four years, or 48 months, and 48 months became the guideline sentence under USSG § 5G1.1. The guideline sentence for count two was the statutory mandatory minimum sentence of 10 years, or 120 months. Defendant was sentenced to 48 months as to count one. and 120 months as to count two, and the sentences were ordered to run consecutively for a total term of imprisonment of 168 months. Dkt. # 185. Defendant did not file a notice of appeal, and his convictions became final on March 3, 2009 when his deadline to file an appeal expired. Defendant filed a motion for reduction of his sentence under § 3582(c) based on Amendment 782 to the USSG. Dkt. # 218. Amendment 782 reduced the base offense level for certain drug offenses, but Amendment 782 did not have the effect of reducing defendant's sentence. Although Amendment 782 reduced the guideline range as to count one, the statutory maximum sentence of 48 months was well below the advisory guideline range, and the guideline reduction did not result in a reduced sentence. Dkt. # 220. Count two was not eligible for a reduction under Amendment 782.

On October 24, 2016, defendant filed a § 2255 motion asserting a single claim that he is entitled to a reduction of his sentence under Amendment 794 to the USSG. On November 1, 2015,

the Sentencing Commission issued Amendment 794, which amended the commentary to USSG § 3B1.2 concerning the application of the minor role reduction. United States v. Ramirez, 698 F. App'x 943, 945 (10th Cir. June 21, 2017).[1] The Sentencing Commission determined that the minor role reduction was being applied inconsistently and less frequently than intended, and Amendment 794 was issued to clarify when the minor role reduction should be applied. Id. Defendant's § 2255 motion was filed well more than a year after his convictions and sentence became final, but he argues that Amendment 794 was not available until November 1, 2015. He claims that his motion is timely under § 2255(f)(3), because his motion was filed within one year of the date that Amendment 794 took effect. Dkt. # 233, at 12.

Section 2255 has a one-year statute of limitations, which runs from the latest of: (1) the date of the final judgment of conviction, (2) the date that the government removes an unlawful impediment to making a motion, (3) the date when the Supreme Court recognizes a right and makes it retroactive on collateral review, or (4) the date on which the facts supporting the claim could have been discovered through exercise of due diligence. 28 U.S.C. § 2255(f). Defendant did not appeal his convictions or sentence, and his one year statute of limitations under § 2255(f)(1) began to run "upon the expiration of the time in which to take a direct criminal appeal." United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Defendant's § 2255 motion was filed well more than one year after his convictions and sentence became final, and his § 2255 motion is untimely under § 2255(f)(1).

---

[1] Unpublished decisions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

Defendant argues that his § 2255 motion is timely under § 2255(f)(3), because it was filed within one year of the date that Amendment 794 went into effect. Dkt. # 233, at 12. However, § 2255(f)(3) applies only to a constitutional right that has been newly recognized by the Supreme Court and made retroactive to cases on collateral review. Amendment 794 is simply an amendment to the USSG by the Sentencing Commission, and it does not fall within the scope of § 2255(f)(3). See United States v. Chism, 2017 WL 5517977 (D. Kan. Nov. 17, 2017). Defendant also argues that he is entitled to a minor role reduction based on Amendment 794, relying on United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016). In Quintero-Leyva, the Ninth Circuit held that Amendment 794 "resolved a circuit split and was intended as a clarifying amendment. . . therefore it applies retroactively to direct appeals." Id. at 523. Amendment 794 clarified that a defendant's role in the offense should be compared to other participants in the offense, rather than a hypothetical average participant in a similar crime. Id. The Ninth Circuit could not determine whether the district court considered all of the factors in § 3B1.2 of the USSG, and it remanded the case for resentencing. Id. at 524. Defendant could be arguing that his § 2255 motion was filed within one year of the date that Quintero-Leyva was decided, and he suggests that his § 2255 motion would be timely if filed within one year of this decision. Dkt. # 240, at 2. Section 2255(f)(3) applies only when the Supreme Court has recognized a new constitutional right and has made that right retroactively applicable to cases on collateral review, and decisions by federal appellate courts cannot provide the basis for a timely claim under § 2255(f)(3). E.J.R.E. v United States, 453 F.3d 1094, 1098 (8th Cir. 2006). The Court also notes that Quintero-Levya is not helpful to defendant, because defendant has filed a § 2255 motion, not a direct appeal, and Quintero-Levya is inapplicable to the extent that the court found that Amendment 794 was retroactively applicable to cases on direct appeal. Defendant has

4

not shown that his § 2255 motion was timely filed under any provision of § 2255(f), and his § 2255 motion should be dismissed as time barred.

Plaintiff suggests that defendant's motion could be construed as a request for a modification of his sentence under 18 U.S.C. § 3582(c). Dkt. # 237. An exception to the general rule of finality of a criminal judgment exists "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)" and made retroactive pursuant to § 994(u). 18 U.S.C. § 3582(c); Dillion v. United States, 560 U.S. 817, 824 (2010). In such a case, "the court may reduce the term of imprisonment, after considering the factors set for in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). According to the Sentencing Commission, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. [§] 3582(c)(2) if . . . [n]one of the amendments listed in subsection (d) is applicable to the defendant . . . ." U.S.S.G. § 1B1.10(a)(2)." Amendment 794 is not listed in the amendments covered by the policy statement; therefore, Amendment 794 cannot be applied retroactively and it may not serve as the basis on which to reduce defendant's sentence. Id. § 1B1.10(d); see also United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Fouse, 2016 WL 4516066, *2 (N.D. Okla. Aug. 29, 2016). The Court also notes that defendant would not be entitled to a reduction of his sentence, even if he received a reduction for a minor role in the offense, because his guideline range would still be well in excess of the 48 month statutory maximum for count one. The Court declines to construe defendant's motion as a request to modify

his sentence under § 3582(c), because it is not apparent that he intends for his motion to be construed in this manner and he would not be entitled to relief.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 233) is **dismissed as time-barred**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that [plaintiff's] Motion to Dismiss Defendant's Motion under 28 U.S.C. § 2255 (Amendment 794) (Dkt. # 237) is **granted**.

**DATED** this 8th day of May, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE